# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00491-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JASON RENANDER,

    Defendant.

___

## ORDER OF DETENTION
___

THIS MATTER came before me for a detention hearing on December 4, 2019. The government requested detention in this case. The defendant contested the request for detention. Both sides presented argument. I have considered the Pretrial Services Report, arguments of counsel and the entire docket.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the

community. The defendant has been charged after a probable cause finding with a violation of the 18 U.S.C. § 2251(a) and (e). As a result, the presumption applies. 18 U.S.C. § 3142(e)(3)(E).

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community. *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is charged with production of child pornography. The proffered evidence indicated that the defendant surreptitiously videotaped four different minors while they were showering. After one incident, the defendant's actions were uncovered. Nevertheless, he continued to engage in surreptitious videotaping, going so far as to purchase a towel hook with a hidden video camera. He is believed to have shared videos of three of the minors with others. His actions were uncovered a second time, yet he continued to share videos after that second discovery. Based on this evidence, I find by clear and convincing evidence that the defendant is a danger to the community if released on conditions of bond. I find that there are no conditions or combination of conditions that I can impose to assure the defendant's presence and the safety of the community. Accordingly,

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: December 4, 2019                     BY THE COURT:

                                            s/ Scott T. Varholak
                                            Scott T. Varholak
                                            United States Magistrate Judge